LAW OFFICES OF SELWYN D. WHITEHEAD
Selwyn D. Whitehead, Esq., SBN 236391
4650 Scotia Avenue
Oakland, CA 94605
Telephone: 510.632.7444
Facsimile: 510.856.5180
Email: selwynwhitehead@yahoo.com

Attorney for Debtor/Plaintiff
JAMES AMAR SINGH

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In Re: <br><br> **JAMES AMAR SINGH,** <br><br> Debtor. <br><br> **JAMES AMAR SINGH** <br><br> Plaintiff, <br><br> vs. <br><br> **WELLS FARGO BANK, N.A.** <br><br> Defendant. | Case No.: 15-40917-WJL-13 <br><br> Chapter: 13 <br><br> A. P. Case No.: <br><br> COMPLAINT FOR: <br><br> 1) SLANDER TO TITLE; <br> 2) FINANCIAL ELDER ABUSE FRAUD; <br> 3) QUIET TITLE; <br> 4) FRAUD, MALICE & OPPRESSION; <br> 5) BUSINESS AND PROFESSIONS CODE 17200; and <br> 6) ACCOUNTING <br><br> [11 U.S.C. §§ 105, 362, 1306] <br><br> United States Bankruptcy Court <br> Northern Division <br> 1300 Clay Street, Courtroom 220 <br> Oakland, California <br><br> The Hon. William J. Lafferty, III |

**TO THE HONORABLE WILLIAM J. LAFFERTY, III, JUDGE OF THE UNITED STATES BANKRUPTCY COURT:**

JAMES AMAR SINGH, the Debtor in the above captioned bankruptcy case (hereinafter referred to as "Plaintiff") hereby brings this Adversary Proceeding against WELLS FARGO BANK, N.A., (hereinafter referred to as "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this adversary proceeding pursuant to sections 105 and 1306 of Title 11 of the United States Code, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a) as this is a proceeding arising under and in a case under Chapter 13 of the Bankruptcy Code presently pending in this Court, namely, the main bankruptcy case of Plaintiff, case number 15-40917-WJL-13.

4. This is a "core proceeding" over which this Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(B), (E), (K) and (O). This Court may enter final orders. 11 U.S.C. §105.

## BACKGROUND/TRUSTEE'S SALE

5. Plaintiff filed a Chapter 13 Petition on July 17, 2012, in the United States Bankruptcy Court, Northern District of California, Case No. is 12-45961. A copy of a notice of said bankruptcy petition was served on the foreclosure sale agent, Christine, of Executive Trustee Services (ETS) by John Milwitt before the scheduled sale time. The auctioneer, Christine, stated to Mr. Milwitt that the foreclosure sale was off. Nevertheless, ETS contacted Wells Fargo Bank after Mr. Milwitt had left and other persons who had come to bid at the scheduled foreclosure sale had left and Plaintiff's home was wrongfully "sold" to Wells Fargo Bank in a clearly illegal and secret sale transaction between ETS and Wells Fargo Bank. Wells Fargo Bank then used the illegal sale of Plaintiff's home to serve a 3 Day Notice to Vacate on Plaintiff and filed an unlawful detainer action. The unlawful detainer was the direct result of Wells Fargo Bank's wrongful foreclosure, its illegal "purchase" of the property, and its ongoing fraudulent "ownership" of the property and its violation of the bankruptcy laws.

///

## GENERAL ALLEGATIONS

6. Plaintiff is an individual residing in the State of California, County of Alameda.

7. Defendant is a banking entity doing business in the State of California.

8. Plaintiffs filed a petition for bankruptcy protection on March 23, 2015, under Chapter 13 of the United States Bankruptcy Code. [See Doc #1] Plaintiff's current bankruptcy counsel, Selwyn D. Whitehead, substituted in as Plaintiff's attorney of record on August 3, 2015. See Doc # 53]

9. One of the assets of the bankruptcy estate is Plaintiff's home, located at 21 Pembroke Court, Oakland, California 94619, assessor's parcel number 37A-3149-20 (hereinafter, the "Subject Property"). Attached hereto as **Exhibit A** is a true and correct copy of the Deed of Trust in Plaintiff's name.

10. The Subject Property was assessed by the Alameda County Tax Assessor at a full valuation of $212,528.00 and annual assessed property taxes of $4,558.46 for tax year 2011-2012. Attached hereto as **Exhibit B** is a copy of Debtor's 2011-2012 Alameda County Secured Property Tax bill evidencing a full valuation of 21 Pembroke Court, Oakland, California 94619 property in the amount of $212,528.00; and annual assessed property taxes of $4,558.46.

11. Defendant illegally foreclosed on Plaintiff's property and attempted an eviction of the Plaintiff without just cause, and subsequently fraudulently transferred Plaintiff's real property into Defendant's name, causing a substantial increase in real property taxes (due to the property value being reassessed at the time of the fraudulent transfer under California Law, Proposition 13[1]). The case was filed in The Superior Court of California, County of Alameda, Case No. RG12645582, *Wells Fargo Bank v. James Singh* ("State Court Action").

---

[1] Under Proposition 13, which was overwhelmingly approved by California voters on June 6,

12. The jury returned a verdict in the State Court Action in favor of Defendant James Singh as follows:

> **"The jury having ruled 10 to 2 in favor of the Defendant [James Singh], it is therefore Ordered, Judged and Decreed: Wells Fargo did not purchase the property located at 21 Pembroke Court, Oakland, California, 94619 at a properly conducted trustee sale, Plaintiff shall take nothing by this Complaint, and Judgment for Defendant."**

Attached hereto as **Exhibit D** is a copy of the Judgment After Jury Trial, Case No. RG12645582, Wells Fargo Bank v. James Singh, dated June 26, 2013.

13. The Jury Verdict of June 26, 2103 confirmed that Defendant had slandered Plaintiff's Real Property title by fraudulently and illegally transferring the Real Property into Defendant's name since it never legally purchased the Subject Property. Attached hereto as **Exhibit E** is a true and correct copy of the Trustee's Deed Upon Sale recording the Subject Property in Wells Fargo Bank's name on August 15, 2012 in Alameda County.

14. Due to Defendant's fraudulent transfer, the 2015-2016 Alameda County Secured Property Tax bill evidencing a full valuation of 21 Pembroke Court, Oakland, California, 94619, property in the amount of $532,797.00; and annual assessed property taxes of $9,112.62. Attached hereto as **Exhibit F** is a true and correct copy the Subject Property's 2015-2016 Alameda County Secured Property Tax bill in Defendant's name, evidencing a full valuation of

---

1978, real properties are reassessed to current market value only upon a change in ownership or completion of new construction (called the base year value). In addition, Proposition 13 generally limits annual increases in the base year value of real property to 1 percent plus the rate necessary to fund local voter-approved bonded indebtedness, and no more than 2 percent, except when property changes ownership or undergoes new construction. Essentially, Proposition 13 converted the market value-based property tax system to an acquisition value-based system. [*See* **Exhibit C**, a true and correct excerpt of page 1, taken from *California Property Tax An Overview*, California Board of Equalization, Publication 29, dated January 2015.]

21 Pembroke Court, Oakland, California, 94619, property in the amount of $532,797.00; and annual assessed property taxes of $9,112.62. Attached hereto as **Exhibit G** is a true and correct copy of the Detail Property Report produced by DataTree by First American showing that the Subject Property remains in Wells Fargo Bank's name as of February 25, 2016.

**FIRST CAUSE OF ACTION**
**SLANDER TO TITLE**

15. Plaintiff hereby incorporates by reference each of the allegations (including each of the factual allegations) as set forth above as though fully set forth hereinafter.

16. On or about July 17, 2012, Plaintiff was the owner in fee of the Subject Property located in Alameda County, California, commonly known as 21 Pembroke Court, Oakland, California 94619, assessor's parcel number 37A-3149-20.

17. On or about August 15, 2012, Defendant willfully, maliciously, and without privilege or justification published a false statement concerning Plaintiff's title to the Subject Property described in Paragraph 16 by recordation of a deed of trust transferring the Subject Property into Defendant's name, and gave notice to the world by wrongfully recording a deed of trust in its name in Alameda County, California.

18. Publication of the false statement by described in Paragraph 17 impaired the vendibility of the Subject Property, to Plaintiff's damage in the sum of $320,269.00. Publication of the false statement described in Paragraph 17 resulted in increased property taxes of Plaintiff, to Plaintiff's damage in the sum of $22,770.80 plus interest at 18%.

19. The publication described in Paragraph 17 was motivated by Defendant's malice in that Defendant's recorded a Trustee's Deed Upon Sale transferring Plaintiff's real property into

Defendant's name without reasonable grounds for belief in the truth of the publication[2], and plaintiff is therefore entitled to punitive damages in a sum according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## SECOND CAUSE OF ACTION
## FINANCIAL ELDER ABUSE

20. Plaintiff hereby incorporates by reference each of the allegations (including each of the factual allegations) as set forth above as though fully set forth hereinafter.

21. This cause of action is brought pursuant to California Welfare & Institutions Code sections 15600 et seq. (The Elder Abuse and Dependent Adult Protection Act).

22. At the time of Defendant's acts in breaching the contract and attempting to force the Plaintiff to leave his home of more than 25 years, Plaintiff is 76 years old. He was an "elder" as defined by Welfare & Institutions Code section 15610.27 and is, therefore, entitled to the statutory protections from abuse provided by Welfare & Institutions Code sections 15610.07. Defendant knew Plaintiff was an elder.

23. By its actions, Defendant is responsible for elder abuse because its treatment of Plaintiff, as described above, resulted harm and/ or pain and/or mental suffering in violation of Welfare & Institutions Code § 15610. 07(a) and Plaintiff is entitled to the remedies provided by the Elder Abuse Act.

---

[2] Furthermore, Defendant's malice towards the Plaintiff, as well as its bald contempt for this Honorable Court, are exemplified by the Defendant's knowingly, willfully and intentionally filing a legally impotent, incompetent and misleading document with this Court in the Plaintiff's underlying bankruptcy case, and evidently in at least one other court in case number 15-01668-JST, which said document was used to purportedly show that Defendant had rescinded its illegal Trustee's Deed Upon Sale in such a manner sufficient to properly put the Notice of Rescission of Trustee's Deed Upon Sale in the Subject Property's chain of title and thereby properly put the world on notice of the purported rescission. [*See* Doc #105-1 in Case No. 15-40917, attached hereto as **Exhibit H**.]

24. As a legal result of Defendant's conduct, Plaintiff has suffered damages, including general and economic damages, including mental distress, in an amount according to proof at trial.

25. Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this litigation. Plaintiff, if successful in this action, is entitled to recover such fees and costs from Defendant, under the provisions of Welfare and Institutions Code Section 15657.5(a).

26. In committing the actions and conduct described above, Defendant, has acted with recklessness, oppression, fraud, and malice, and Plaintiff therefore is entitled to an award of exemplary or punitive damages pursuant to Welfare and Institutions Code Section 15657.5 and Civil Code Section 3294 and treble damages pursuant to Civil Code Section 3345.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## THIRD CAUSE OF ACTION
## QUIET TITLE

27. Plaintiff hereby incorporates by reference each of the allegations (including each of the factual allegations) as set forth above as though fully set forth hereinafter.

28. Plaintiff is at all times the herein mentioned the owner of the Subject Property and is entitled to the property located at 21 Pembroke Court, Oakland, California 94619.

29. Plaintiff is informed and believes and thereupon alleges that Defendant claims an interest in the Subject Property adverse to Plaintiff herein. However, the claim of said Defendant is without any right whatsoever, and said Defendant has no legal or equitable right, claim, or interest in said Subject Property.

30. Plaintiff therefore seeks a declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendant herein, be declared to have no estate, right, title or interest

in the Subject Property and that said Defendant, be forever enjoined from asserting any estate, right, title or interest in the Subject Property adverse to Plaintiff herein.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## FOURTH CAUSE OF ACTION
## FRAUD, MALICE AND OPPRESSION

31. Plaintiff hereby incorporates by reference each of the allegations (including each of the factual allegations) as set forth above as though fully set forth hereinafter.

32. Defendant acted with malice with intent to cause injury or that Defendant's conduct was despicable and was one with a willful and knowing disregard of the rights or safety of another. Defendant acts with knowing disregard when the Defendant is aware of the probable dangerous consequences of its conduct and deliberately fails to avoid those consequences.

33. Defendant acted with oppression, and Defendant's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights.

34. Defendant's despicable conduct was conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

35. Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff by falsely recording a Trustee's Deed Upon Sale transferring Plaintiff's real property into Defendant's name and subsequently filing an intentionally impotent and incompetent Notice of Rescission of Trustee's Deed Upon Sale. (*See* **Exhibits E-H**.)

36. In doing the acts herein alleged, Defendant acted with oppression, fraud, and malice, and Plaintiff is entitled to punitive damages in the sum to be determined at trial.

## FIFTH CAUSE OF ACTION
## BUSINESS & PROFESSIONS CODE SECTION 17200

37. Plaintiff hereby incorporates by reference each of the allegations (including each of the factual allegations) as set forth above as though fully set forth hereinafter.

38. By reason of Defendant's fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant has violated California Business and Professions Code Section 17200, *et seq.*, by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of his real property, the Subject Property.

39. Defendant illegally foreclosed on Plaintiff's real property and attempted an eviction without just cause, and fraudulently transferred Plaintiff's real property into Defendant's name, causing a substantial increase in real property taxes (due to the property value being reassessed at the time of the fraudulent transfer).

40. By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which is, as yet unascertained. Plaintiff will ask leave of court to amend his complaint when the true nature and extent of damages have been ascertained.

### SIXTH CAUSE OF ACTION
### ACCOUNTING

41. Plaintiff hereby incorporates by reference each of the allegations (including each of the factual allegations) as set forth above as though fully set forth hereinafter.

42. As a result of the aforementioned, Defendant has received money or other property of substantial value, a portion of which is due to Plaintiff from Defendant, as previously alleged.

43. The amount of money due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions as related to the Subject Property. Plaintiff will ask leave of court to amend his complaint when the true nature and extent of damages have been ascertained.

44. Plaintiff has demanded an accounting of the aforementioned transactions from Defendant and payment of the amount found due but Defendant has failed and refused, and continues to fail and refuse, to render such an accounting and to credit the sum to Plaintiff's account.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter Judgment:

1. Compensatory damages in the sum according to proof;

2. Punitive damages in a sum according to proof;

3. Consequential damages Defendant caused Plaintiff by the time spent and inconvenience suffered by Plaintiff in removing the cloud on Plaintiff's title in the sum according to proof;

4. Attorneys' fees and costs of suit and other relief that the Court considers proper;

5. For an order compelling said Defendant, to transfer legal title and possession of the Subject Property to Plaintiff herein;

6. For an accounting between Plaintiff and Defendant;

7. For the amount found to be due from Defendant to Plaintiff as a result of the accounting and interest on that amount from and after July 12, 2012; and

8. For a declaration and determination that Plaintiff is the rightful holder of title to the Subject Property and that Defendant herein, be declared to have no estate, right, title or interest in said property.

Dated: April 4, 2016

Respectfully Submitted,
LAW OFFICES OF SELWYN D. WHITEHEAD

By: /s/ Selwyn D. Whitehead, Esq.
SELWYN D. WHITEHEAD, ESQ.
Attorney for Plaintiff
**JAMES AMAR SINGH**