Robert A. Bailey (#214688)
  rbailey@afrct.com
Michael Rapkine (#222811)
  mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.
("Wells Fargo")

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JAMES AMAR SINGH,<br><br>　　　　Debtor. | Case No.: 15-40917-WJL<br><br>Adv. Case No.: 16-04026-WJL<br><br>Chapter 13 |
| JAMES AMAR SINGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | **DEFENDANT WELLS FARGO'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:　　July 20, 2016<br>Judge:　William J. Lafferty III<br>Time:　　10:30 a.m.<br>Place:　　U.S. Bankruptcy Court<br>　　　　　Courtroom 220<br>　　　　　1300 Clay Street<br>　　　　　Oakland, CA |

**TO DEBTOR, HIS COUNSEL OF RECORD, ALL OTHER INTERESTED PARTIES,**

**THE CLERK OF THE COURT, AND THE HONORABLE WILLIAM J. LAFFERTY III:**

　　**PLEASE TAKE NOTICE** that on July 20, 2016 at 10:30 a.m. in courtroom 220 of the

above-entitled Court, located at 1300 Clay Street, Oakland, California, the Honorable William J.

Lafferty presiding, defendant Wells Fargo Bank, N.A. ("Wells Fargo") will move to dismiss

each claim in the first amended adversary complaint pursuant to Rules 7009(b) and 7012(b)(6).

Grounds for Wells Fargo's motion to dismiss are as follows:

1. **First Claim: Injunctive Relief**

Plaintiff fails to state a claim for injunctive relief because: (i) injunctive relief is a remedy rather than an independent cause of action; (ii) even if injunctive relief was a standalone claim, plaintiff's entire adversary action is barred by res judicata under the two-dismissal rule; (iii) plaintiff's inability to tender even a portion of his considerable debt vitiates this equitable claim; and (iv) this claim is predicated on the faulty theory that Wells Fargo does not have a right to enforce its security interest and conduct a non-judicial foreclosure.

2. **Second Claim: Declaratory Relief**

Plaintiff fails to state a claim for declaratory relief because: (i) this claim is barred by res judicata under the two-dismissal rule; (ii) plaintiff's request for declaratory relief is premised on a misunderstanding of the automatic stay provision; and (iii) plaintiff's lack of tender vitiates this equitable claim.

3. **Third Claim: "Turnover of Unlawfully Conveyed Real Property"**

Plaintiff fails to state a claim for "turnover of unlawfully conveyed real property" because: (i) this claim is barred by res judicata under the two-dismissal rule; (ii) "hyper-technical" irregularities with regard to recorded foreclosure notices are not a legitimate basis to challenge the non-judicial foreclosure process; and (iii) plaintiff's lack of tender vitiates this claim.

4. **Fourth Claim: Slander of Title**

Plaintiff fails to state a claim for slander of title because: (i) this claim is barred by res judicata under the two-dismissal rule; (ii) this claim is predicated on the legally defective theory that Wells Fargo does not have a right to enforce its security interest and conduct a non-judicial foreclosure; (iii) none of the foreclosure notices recorded with respect to the subject property were false; (iv) plaintiff fails to allege sufficient facts to pierce California's qualified common-interest privilege, codified at Civil Code § 47(c)(1); (v) the pleadings do not adequately allege damages; (vi) plaintiff's lack of tender vitiates this claim; and (vii) plaintiff does not otherwise

allege the elements of this tort.

### 5. Fifth Claim: Financial Elder Abuse

Plaintiff fails to state a claim for financial elder abuse because: (i) this claim is barred by res judicata under the two-dismissal rule; (ii) this claim is predicated on the legally defective theory that Wells Fargo does not have a right to enforce its security interest and conduct a non-judicial foreclosure; (iii) none of the foreclosure notices recorded with respect to the subject property were false or improper; (iv) plaintiff fails to allege sufficient facts to pierce California's qualified common-interest privilege; (v) the pleadings do not adequately allege damages; (vi) plaintiff's lack of tender vitiates this claim; and (vii) plaintiff does not plead corporate ratification or authorization by a managing agent of Wells Fargo.

### 6. Sixth Claim: Quiet Title

Plaintiff fails to state a quiet title claim because: (i) this claim is barred under the two-dismissal rule; (ii) as with the rest of the complaint, this cause of action is premised on the faulty theory that Wells Fargo does not have a legitimate interest in the property; and (iii) plaintiff's lack of tender is a death knell to this equitable claim.

### 7. Seventh Claim: "Fraud, Malice & Oppression"

Plaintiff fails to state a claim for fraud because: (i) this claim is barred under the two-dismissal rule; (ii) this claim is predicated on the legally defective theory that Wells Fargo does not have a right to enforce its security interest and conduct a foreclosure; (iii) Wells Fargo has not made any misrepresentation in connection with the foreclosure proceedings; (iv) plaintiff does not allege the element of scienter; (v) this claim is not pled with adequate specificity; and (vi) the pleadings do not sufficiently allege causation or resulting damages.

### 8. Eighth Claim: Violation of Business & Professions Code § 17200, *et seq.*

Plaintiff fails to state a claim for unfair business practices because: (i) this claim is barred under the two-dismissal rule; (ii) this claim is entirely derivative in nature, predicated on legally defective theories; (iii) plaintiff does not have standing to assert this UCL claim; (iv) plaintiff's lack of tender vitiates this claim; and (v) plaintiff has not provided a plausible explanation regarding why he is entitled to injunctive relief or restitution.

**9. <u>Ninth Claim: Accounting</u>**

Plaintiff fails to state an accounting claim because: (i) this claim is barred under the two-dismissal rule; (ii) plaintiff cannot establish the required fiduciary duty or special relationship that is necessary to maintain such a claim; (iii) plaintiff cannot allege that Wells Fargo owes him any money; (iv) the claim is not pled with sufficient particularity; and (v) plaintiff otherwise fails to plead facts sufficient to constitute a claim upon which relief can be granted.

The motion to dismiss is based upon this motion, the notice of hearing being filed concurrently herewith, the accompanying memorandum of points and authorities, the first amended adversary complaint (the "complaint" or "FAC"), the accompanying request for judicial notice, and on Wells Fargo's argument at the hearing.

**WHEREFORE,** Wells Fargo prays as follows:

a. The Court enter an order granting Wells Fargo's motion to dismiss each claim without leave to amend, dismissing the adversary proceeding with prejudice;

b. The Court enter a judgment of dismissal in Wells Fargo's favor; and

c. The Court enter such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 31, 2016
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:   /s/ Robert A. Bailey
    Robert A. Bailey
Attorneys for Defendant
WELLS FARGO BANK, N.A.