

The following constitutes the order of the court.
Signed June 30, 2017

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>James Amar Singh,<br>        Debtor.<br>_____<br>James Amar Singh,<br>        Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br>        Defendant. | No. 15-40917 (WJL)<br>Chapter 13<br><br><br>Adv. Pro. No. 16-04026<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## I.     INTRODUCTION

On March 23, 2015, James Amar Singh ("Plaintiff") filed a chapter 13 bankruptcy case. On April 4, 2016, Plaintiff filed this adversary proceeding (the "AP") against Wells Fargo Bank, N.A. ("Defendant") seeking a determination that any rights Defendant had as a secured creditor with regard to Plaintiff's real property were invalidated as a result of an inappropriately executed foreclosure proceeding. This AP is the most recent chapter in a long-standing dispute between Plaintiff and Defendant: over the past six years, the parties have gone through ten bankruptcy cases and four lawsuits in both state and federal courts, including an appeal to the Circuit Court of Appeals for the Ninth Circuit.

1

On May 16, 2016, Plaintiff filed the First Amended Complaint ("FAC"). On May 31, 2016, Defendant filed the Motion to Dismiss the FAC (the "Motion"). Plaintiff timely opposed the Motion and the Court held a hearing on July 20, 2016. At the hearing, the Court presented the parties with the option of attending a settlement conference in order to resolve their dispute, but the parties respectfully declined. However, the parties requested that the Court grant a continuance in order to allow sufficient time for the resolution of a related appellate matter, and the hearing was continued to January 11, 2017. Upon additional request from the parties, the hearing was once more continued to April 26, 2017. At the April 26, 2017 hearing, Selwyn Whitehead appeared for Plaintiff and Michael Rapkine appeared for Defendant. Both sides were given a full opportunity to supplement their pleadings and also presented, once again, with the option to participate in an alternative dispute resolution program of their choosing. The parties declined the invitation, presented oral argument, and expressed their desire to have the Court dispose of the Motion. The Court took the matter under submission.

For the reasons stated below, the Court finds that claim preclusion applies to the claims asserted in the FAC, with the exception of the cause of action for quiet title (which fails for other reasons), and hereby grants the Motion without leave to amend. However, understanding the importance of this AP for the parties and to aid any future reviewing court, this Court conducts a full discussion of the arguments presented by both sides.

Although the Motion is granted on grounds that claim preclusion applies, the Court concludes that the Tender Rule (as discussed below) also applies and thereby requires a dismissal of the first, second, sixth, eighth, and ninth causes of action. Further, the Court believes that each individual cause of action fails for independent reasons as set forth below.

## II. FACTUAL BACKGROUND

**A. The Loan and Loan Default**

In January 2006, Plaintiff obtained a loan of $500,000 from World Savings Bank, FSB, predecessor in interest to Defendant. FAC at ¶ 13; Defendant's Request to take Judicial Notice ("RJN") at Exhs. A-E. The loan was collateralized by Plaintiff's home at 21 Pembroke Court, Oakland, California, 94619 (the "Property") and a deed of trust was recorded. FAC at Exh. A,

RJN at Exh. F.  In December 2009, Plaintiff defaulted on the loan and a Notice of Default was recorded on April 16, 2010.  RJN at Exh. G.  On July 19, 2010, a Notice of Trustee's Sale was recorded.  RJN at Exh. I.  However, the foreclosure sale, which was scheduled for August 8, 2010, did not occur due to Plaintiff filing a bankruptcy petition on August 5, 2010.

**B.     The Bankruptcy Cases**

Plaintiff has filed a total of ten bankruptcy petitions in this division.  RJN at Exh. J.  The chart below summarizes basic facts for each case:

| Case Number | Date Filed | Dismissed | Reason for Dismissal |
| --- | --- | --- | --- |
| 10-48977 (RLE) | 08/05/2010 | 08/24/2010 | Failure to file documents |
| 10-70279 (EDJ) | 09/09/2010 | 09/27/2010 | Failure to file documents |
| 10-73271 (RLE) | 11/17/2010 | 12/14/2010 | Failure to pay filing fee |
| 11-70896 (EDJ) | 10/13/2011 | 11/01/2011 | Failure to file documents |
| 11-73063 (WJL) | 12/15/2011 | 01/04/2012 | Failure to file documents |
| 12-43295 (MEH) | 04/13/2012 | 05/02/2012 | Failure to file documents |
| 12-44309 (WJL) | 05/17/2012 | 06/05/2012 | Failure to file documents |
| 12-45961 (MEH) | 07/17/2012 | 08/10/2012 | Failure to file documents |
| 13-41538 (MEH) | 03/15/2013 | 04/30/2013 | Failure to submit taxes |
| 15-40917 (WJL) | 03/23/2015 | 05/31/2016 | Claim Objection overruled |

Despite the large number of bankruptcy cases, for the purposes of the Motion the only cases that are material are case no. 12-45961 and the three preceding cases (nos. 12-44309, 12-43295, and 11-73063).

**C.     The Four Non-Bankruptcy Lawsuits and Appeal to the Ninth Circuit**

On October 11, 2011, Plaintiff commenced a state court action against Defendant asserting the following six causes of action: (1) elder financial abuse, (2) violation of civil code 2924 - wrongful foreclosure, (3) breach of contract, (4) intentional infliction of emotional distress, (5) violation of business and professions code, and (6) quiet title (the "First Lawsuit").  RJN at Exh. K.  That lawsuit was removed to United States District Court for the Northern

3

District of California (the "District Court") and assigned to the Honorable Phyllis J. Hamilton. Plaintiff brought a motion for preliminary injunction, attempting to prevent Defendant from executing a foreclosure sale. On April 2, 2012, Chief Judge Hamilton denied that motion on the basis that Plaintiff could not establish a likelihood of success on the merits in the action. RJN at Exh. M. On August 20, 2012, Plaintiff filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure ("FRCP") 41(a). RJN at Exh. N.

On July 17, 2012, Defendant purchased the Property at a foreclosure sale. On August 15, 2012, a Trustee's Deed Upon Sale (the "Trustee's Deed") memorializing Plaintiff's acquisition of the Property was recorded. RJN at Exh. O.

On December 8, 2012, Plaintiff filed a second action against Defendant in state court asserting the following seven causes of action: (1) quiet title, (2) declaratory relief, (3) preliminary and permanent injunction, (4) cancellation of instruments, (5) violation of Cal. Civ. Code. 2924 for wrongful foreclosure, (6) unjust enrichment, and (7) fraud (the "Second Lawsuit"). RJN at Exh. S. The Second Lawsuit was removed to District Court and assigned to the Honorable Susan Illston. On March 8, 2013, Judge Illston adopted a report and recommendation from Magistrate Judge Elizabeth Laporte that granted Defendant's motion to dismiss without leave to amend on the grounds that Plaintiff failed to state a claim upon which relief could be granted. RJN at Exhs. U, V. On May 24, 2013, Plaintiff appealed the dismissal. RJN at Exh. X.[1]

After acquiring the Property at the foreclosure sale, Defendant sought to obtain possession via an unlawful detainer action in state court (the "UD Lawsuit"). Although the procedural background of the UD Lawsuit was not fully explained by the parties, there is no disagreement as to the ultimate result: on May 1, 2013, the state court entered a judgment after a jury trial (the "Judgment"), finding that Defendant "did not purchase the property… at a properly conducted trustee sale." FAC at Exh. D. The Judgment did not provide a basis for this determination, and both Plaintiff and Defendant omitted any further information from these

---

[1] On December 22, 2016, the United States Court of Appeals for the Ninth Circuit issued an order affirming the District Court's dismissal order.

4

proceedings. Nevertheless, as will be explained below at section "C," both sides strongly disagree as to the effect of the Judgment.

On June 12, 2013, in an attempt to address the judicially-determined improperly conducted foreclosure sale, Defendant filed a Notice of Rescission of Trustee's Deed Upon Sale (the "Notice of Rescission"). FAC at Exh. H; RJN at Exh. P. The parties disagree whether the Notice of Rescission was properly prepared or effective. Plaintiff contends that because the Notice of Rescission failed to include all necessary information it did not effectively rescind the underlying Trustee's Deed. FAC at ¶ 18.

On March 19, 2015, Plaintiff filed a third action in state court asserting the following seven causes of action: (1) conversion, (2) slander of title, (3) fraud, (4) infliction of emotional distress, (5) elder abuse, (6) declaratory relief, (7) preliminary and permanent injunction (the "Third Lawsuit"). RJN at Exh. Y. The Third Lawsuit was removed to District Court and assigned to the Honorable Jon S. Tigar. On June 10, 2015, Plaintiff voluntarily dismissed the Third Lawsuit. RJN at Exh. AA.

On March 23, 2015, Plaintiff filed the underlying chapter 13 bankruptcy case. On April 4, 2016, Plaintiff filed the complaint that began this AP. On May 16, 2016, Plaintiff filed the FAC, which alleges the following nine causes of action: (1) injunctive relief, (2) declaratory relief, (3) turnover of unlawfully conveyed real property, (4) slander to title, (5) financial elder abuse fraud, (6) quiet title, (7) fraud malice and oppression, (8) violation of business and professions code section 17200, and (9) accounting.

The chart below summarizes the causes of action alleged by Plaintiff in the First Lawsuit, the Second Lawsuit, the Third Lawsuit, and the FAC.

| First Lawsuit | Second Lawsuit | Third Lawsuit | FAC |
|---|---|---|---|
| wrongful foreclosure | wrongful foreclosure | conversion | slander of title |
| quiet title | quiet title | slander of title | quiet title |

5

| breach of contract | preliminary and permanent injunction | preliminary and permanent injunction | preliminary and permanent injunction |
|---|---|---|---|
| unfair competition | fraud | fraud | fraud, malice and oppression |
| financial elder abuse | cancellation of instruments | financial elder abuse | financial elder abuse |
| intentional infliction of emotional distress | unjust enrichment | intentional infliction of emotional distress | unfair competition |
| | declaratory relief re: rights to property | declaratory relief re: rights to property | declaratory relief re: violation of stay |
| | | | turnover |
| | | | accounting |

### III. STATUTORY BASIS FOR DISMISSAL

Defendant requests a dismissal of the entire FAC without leave to amend based on FRCP 12(b)(6) and 9(b). Fed. R. Civ. P. 12(b)(6), 9(b).

**A. Rule 12(b)(6)**

Federal Bankruptcy Rule of Procedure 7012 fully incorporates by reference FRCP 12(b)(6), which provides that a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b)(6). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir. 1984).

For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). However, mere conclusions couched in factual allegations are not sufficient to state a cause of action.

6

*Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000).

**B.      Rule 9(b)**

FRCP 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R .Civ. P. 9(b). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy FRCP 9(b)'s heightened pleading requirements. *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003). The plaintiff must include "the who, what, when, where, and how" of the fraud. *Id.* at 1106. A claim for fraud must be "specific enough to give defendants notice of the particular conduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985).

**C.      Rule 15(a)**

FRCP 15(a) establishes that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. However, when a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment. *Gardner v. Martino,* 563 F.3d 981, 990 (9th Cir. 2009); *Lopez,* 203 F.3d at 1129.

## IV.     ANALYSIS

Defendant moves to dismiss the FAC for three reasons. First, Defendant argues that claim preclusion applies, pursuant to both applicable case precedent and the Two Dismissal Rule. These arguments will be analyzed below at section "A." Second, Defendant argues that the Tender Rule disposes of the first, second, sixth, eighth, and ninth causes of action. This argument will be analyzed below at section "B." Third, Defendant argues that each individual

7

cause of action fails for particularized reasons. These arguments will be analyzed below at section "C."

**A. The dispositions of the prior lawsuits preclude Plaintiff from bringing the claims in the current AP.**

**(i) Claim Preclusion**

The first ground for a finding that the FAC should be dismissed in its entirety is the doctrine of claim preclusion, which bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Id.* The central criterion in determining whether there is an identity of claims between the first and second adjudications is "whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001); *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

Defendant argues that the doctrine of claim preclusion applies to the FAC because the Second Lawsuit was fully adjudicated adversely to the Plaintiff by both the District Court and the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"), and contained claims based on the same underlying facts as alleged in the FAC. With respect to causes of action that require factual allegations regarding the wrongful foreclosure, the Court agrees.

Plaintiff filed the Second Lawsuit on December 3, 2012 on the grounds that Defendant did not have the right to foreclose on the Property and therefore Defendant's acquisition was improper. The District Court adopted Magistrate Judge Laporte's report and recommendation granting Defendant's motion to dismiss the complaint based on a finding that six of the seven causes of action plead by Plaintiff, which were brought pursuant to California law, were preempted by federal statute (Home Owner's Loan Act). The last cause of action (wrongful foreclosure), although not preempted, was determined to have been implausible and therefore ripe for dismissal. The Ninth Circuit affirmed the District Court's ruling in all respects and therefore the disposition of the Second Lawsuit is now final for all purposes.

8

Plaintiff's FAC makes similar allegations to those brought in the Second Lawsuit; explicitly, that the foreclosure sale was a wrongful exercise of Defendant's rights as to the Property. However, there is one significant factual distinction that affects the application of claim preclusion: the Judgment in the UD Lawsuit. Therefore, any cause of action that relies on facts surrounding the UD Lawsuit and Judgment, would not be barred by the doctrine of claim preclusion because it does not rely on the same operative nucleus of facts.

In the same vein that Judge Laporte found that the operative facts in the Second Lawsuit revolved around "the processing and servicing of Plaintiff's loan," the Court finds that the operative nucleus of facts being alleged in the first, second, third, fourth, fifth, seventh, eighth, and ninth causes of action plead in the FAC are effectively the same as they were in the Second Lawsuit. This leaves the sixth cause of action for quiet title, which is premised on the effect of the Judgment in the UD Lawsuit, as the only cause of action that is not precluded by the Second Lawsuit. However, as will be explained below at section "C," the claim for quiet title fails for other reasons.

**(ii) Two Dismissal Rule**

The second ground for dismissing the FAC is that Plaintiff's voluntary dismissals in the First Lawsuit and the Third Lawsuit (together, the "Dismissed Lawsuits") trigger the Two Dismissal Rule. Fed. R. Civ. Pro. 41(a)(1)(B). FRCP 41 states, in pertinent part, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a [subsequent] notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. Pro. 41. Defendant argues that the Dismissed Lawsuits constitute a full adjudication on the merits of the underlying issues between the parties and therefore preclude Plaintiff from bringing this AP.

The Ninth Circuit has analogized the Two Dismissal Rule under FRCP 41 to the claim preclusion inquiry. *Thomas v. Wells Fargo Bank, N.A.*, No. C 13-02065 JSW, 2013 WL 5313458, at *2 (N.D. Cal. Sept. 23, 2013) (citing *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999)). Accordingly, in determining whether the Two Dismissal Rule applies, the Court once again must determine if there is an identity of claims between the

9

First Lawsuit and Third Lawsuit by looking at whether the two suits arise out of the "same transactional nucleus of facts." *Owens*, 244 F.3d at 713; *Constantini*, 681 F.2d at 1202.

The Dismissed Lawsuits were filed and dismissed more than three years apart from one another. During those three years, a lot occurred: Defendant foreclosed on the Property, brought the UD Lawsuit, a judgment determining that the foreclosure had been improperly brought was entered against Defendant, and Defendant filed the Notice of Rescission as a result. Similar to the claim preclusion analysis above, the operative nucleus of facts between the Dismissed Lawsuits changed and therefore only the causes of action which rely on the facts surrounding the wrongful foreclosure (and not the preclusive effect of the Judgment in the UD Lawsuit) can be dismissed pursuant to the Two Dismissal Rule. Accordingly, the Court finds that all of the causes of action alleged in the Third Lawsuit, with one exception,[2] constitutes a full adjudication of the merits pursuant to the Two Dismissal Rule and therefore precludes the causes of action in the FAC that rely on the same facts.

**B.      Application of the Tender Rule mandates dismissal of several causes of action in the FAC.**

Defendant moves to dismiss Plaintiff's first cause of action for injunctive relief, second cause of action for declaratory relief, sixth cause of action for quiet title, eighth case of action for violation of Business and Professions Code Section 17200, and ninth cause of action for accounting on the grounds that Plaintiff was required to, but failed to make, or even allege, a valid tender of the outstanding debt on the underlying loan.

Under California law, the Tender Rule requires that as a precondition to challenging a foreclosure sale, or any cause of action related to the sale, the borrower must make a valid tender of payment of the debt. *Karlsen v. American Savings and Loan Ass'n*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971); *Arnolds Management Corp. v. Eischen,* 158 Cal.App.3d 575, 578, 205 Cal.Rptr. 15 (1984). A quiet title action requires that a plaintiff allege tender or offer

---

[2] The sixth cause of action in the Third Lawsuit requests a declaratory judgment on the theory that the Judgment in the UD Lawsuit precludes Defendant from asserting any rights to the Property.

10

1 | to tender the amounts admittedly borrowed.  *Connors v. Home Loan Corp.,* No. 08cv1134, 2009
2 | WL 1615989, at *7 (S.D. Cal. Jun.9, 2009) (citing *Eischen,158* Cal.App.3d at 578).

Here, Defendant points out that the arrearage at the time of the filing of the Notice of Default in April 2010 was $13,346.09.  Due to the lack of payment on the underlying debt and the acceleration reflected in the Notice of Default and Notice of Trustee's Sale, the current default is in excess of $700,000.  Plaintiff does not allege that any of the amount owed has been tendered, nor does he express a willingness to do so; rather, Plaintiff adamantly contends that no debt is owed on the underlying loan and that he "simply" wants the unencumbered return of "his property unlawfully taken by Defendant."  Opposition to Motion, p. 8:26.  Plaintiff provides no legal theory or even a rationale for this extraordinary result.  The Court finds that these causes of action required Plaintiff to tender the full amount due; and further, his refusal to even acknowledge the debt, requires that these causes of action be dismissed.  Accordingly, the Court finds that dismissal of the first, second, sixth, eighth, and ninth causes of action is appropriate.

**C.     Each individual cause of action fails to state a claim.**

**(i)     First Cause of Action: Injunctive Relief**

Defendant moves to dismiss the first cause of action for injunctive relief on the ground that injunctive relief is a remedy and not a claim for relief.  Plaintiff has conceded that his request for injunctive relief was "erroneously omitted" in his prayer for relief in the FAC and requested an opportunity to amend the FAC.

A plaintiff seeking injunctive relief must establish the following four elements: (1) likely success on the merits, (2) likely to suffer irreparable harm, (3) that the balance of equities favors relief, and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).  The Court finds the request for injunctive relief to be facially deficient as there is no meaningful discussion regarding Plaintiff's probability of success on the underlying merits of his case beyond the unsupported statement  that "[i]t is probable that Plaintiff's efforts to reclaim title to the Subject Property will prevail on the merits."  FAC at ¶ 26. As to the need for injunctive relief in order to prevent irreparable harm to Plaintiff, the FAC simply indicates that "[t]here is reasonable certainty that

11

Defendant's unlawful acts will be continued or repeated" and that "Plaintiff may be irreparably injured if an injunction is not issued." *Id.* at ¶¶ 25, 27. The FAC fails to address the remaining elements of equities and public interest; therefore, this cause of action is dismissed.

Further, because the Court finds that Plaintiff is unlikely to succeed on the merits of his claims, the request to amend the FAC to properly plead injunctive relief is denied.

**(ii) Second Cause of Action: Declaratory Relief**

Defendant moves to dismiss the second cause of action for declaratory relief on the ground that the foreclosure sale on July 17, 2012 did not violate the automatic stay because no stay existed during the subject bankruptcy case (no. 12-45961).

The bankruptcy code provides for an automatic stay upon the filing of a bankruptcy petition, subject to certain limited exceptions, one of which applies here. 11 U.S.C. § 362(a). Generally, this stay continues until the bankruptcy case is dismissed or closed, or a discharge is granted or denied. *Id.* § 362(c)(2). However, the automatic stay of § 362(a) lasts only thirty days when the debtor had another bankruptcy case dismissed within the preceding year. *Id.* § 362(c)(3)(A). If the debtor had two other bankruptcy cases dismissed within the preceding year, then no stay arises at all. *Id.* § 362(c)(4)(A)(i). This second exception to the automatic stay provision is applicable in this case.

Here, Plaintiff had four previous cases all filed and dismissed within the year prior to filing the case on July 17, 2012, which was the same day as the foreclosure sale.[3] The docket for that case does not show that the Court imposed the automatic stay or even that a motion to impose the stay was filed. Therefore, when Plaintiff filed for Chapter 13 bankruptcy protection for the fifth time in less than one year, there was no stay. *Id.* § 362(c)(4)(B). Plaintiff's ground for challenging the trustee sale on this basis is fatally flawed and is hereby dismissed.[4]

---

[3] Case no. 11-70896 (EDJ) was dismissed on 11/01/2011; Case no. 11-73063 (WJL) was dismissed on 01/04/2012; Case no. 12-43295 (MEH) was dismissed on 05/02/2012; Case no. 12-44309 (WJL) was dismissed on 06/05/2012.

[4] During a candid conversation at oral argument, Plaintiff's counsel conceded that the automatic stay was not a relevant concept during the July 17, 2012 case.

12

1     **(iii)     Third Cause of Action: Turnover of Property**

2     Defendant moves to dismiss the third cause of action for turnover of property under
3 bankruptcy code section 542 on the basis that it is not in control or custody of property of the
4 estate because the Notice of Rescission, despite some technical deficiencies, was a legally
5 effective rescission of the foreclosure sale.

6     Plaintiff's FAC alleges that the Notice of Rescission was inadequate and therefore
7 Defendant continues to retain title to the Property. FAC at ¶ 36. Plaintiff's theory relies on
8 records maintained by the Alameda County Recorder's Office as evidence that Defendant holds
9 title to the Property. FAC at ¶ 37.

10     First, assuming that Plaintiff is correct that the Notice of Rescission was deficient,
11 Plaintiff does not provide any legal basis to support a finding that the end result must be that
12 Defendant's rights to the Property are extinguished altogether. Second, to the extent that
13 Plaintiff is requesting that the Court order Defendant to record an amended notice of rescission
14 adequately to rescind the underlying foreclosure sale, Defendant has represented to the Court
15 that an amended notice of rescission has already been recorded, which would make this cause of
16 action moot. For these reasons, this cause of action is dismissed.

17     **(iv)     Fourth Cause of Action: Slander of Title**

18     Defendant moves to dismiss the fourth cause of action for slander of title on the ground
19 that Plaintiff did not properly state a claim. Alternatively, Defendant alleges that it could not be
20 found liable because it is protected by the qualified common-interest privilege. The Court
21 agrees.

22     The elements of a cause of action for slander of title are (1) a publication, (2) which
23 is without privilege or justification, (3) which is false, and (4) which causes direct and
24 immediate pecuniary loss. *Gudger v. Manton,* 21 Cal.2d 537, 541–43 (1943); *Alpha & Omega*
25 *Dev., LP v. Whillock Contracting, Inc.*, 200 Cal.App.4th 656, 664 (2011).

26     The first element is satisfied in this matter because the Notice of Rescission was
27 recorded with the county. However, with regard to the second element, the Court finds that
28 Defendant is protected by the common-interest privilege under California Civil Code section

13

47(c) and California Civil Code section 2924, which protects communications made without malice from one interested party to another during a legal proceeding (such as in the performance of a non-judicial foreclosure). *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333 (2008)("We hold that section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common-interest privilege of section 47, subdivision (c)(1)"); *Stowers v. Wells Fargo Bank, N.A.*, No. 3:13-CV-05426-RS, 2014 WL 1245070, at *7 (N.D. Cal. Mar. 25, 2014)(finding that nonjudicial foreclosure documents are subject to privilege). Plaintiff has not plead any facts that would lead either to a finding that Defendant acted with malice, or that the recordation of the Trustee's Deed was not subject to privilege.[5] The third element is also not satisfied because the Trustee's Deed was not "false" when it was recorded or even upon the jury's determination that the foreclosure sale had been improper almost a year later. Lastly, the fourth element is also not satisfied as Plaintiff has not plead damages. To the extent that the property taxes on the Property have gone up as Plaintiff indicates in the FAC, Defendant has been paying such taxes (not Plaintiff). Plaintiff cannot reasonably demonstrate that he has been damaged because he has not paid any of the taxes and fees incurred as a result of the recordation of the Trustee's Deed. Furthermore, the FAC makes the unsupported and conclusory remark that "publication of the false statement impaired the vendibility of the" Property, which resulted in damages of $320,269. FAC at ¶ 41. However, both the FAC and Plaintiff's Opposition to the Motion omit any discussion with regard to how this calculation was reached or how any damages resulted. The fourth cause of action for slander of title is dismissed.

**(v)　　Fifth Cause of Action: Financial Elder Abuse**

Defendant moves to dismiss the fifth cause of action for financial elder abuse on the ground that Plaintiff did not comply with a statutory prerequisite for making this type of claim.

---

[5] In his Opposition to the Motion, Plaintiff briefed the applicability of California Civil Code § 47(b). However, Defendant cited subsection (c)(1), which codifies the qualified privilege provision.

14

Furthermore, Defendant contends that its actions were privileged and therefore protected from liability for financial elder abuse.

California Welfare and Institutions Code Section 15610.30(a)(1) provides that financial abuse of an elder occurs when a person or entity "takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst.Code 15610. A claim of financial elder abuse by a plaintiff against a corporation resulting from actions of its employees requires that the plaintiff allege that an officer, director, or managing agent of the corporation "had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded." Cal. Civ. Code 3294(b); Cal. Welf. & Inst.Code 15657(c). Therefore, it is not sufficient that Plaintiff make general allegations pertaining to elder abuse because this cause of action also requires allegations that the corporation's managing agents were somehow responsible for the wrongdoing. Plaintiff has made no allegations about officers, directors, or managing agents of Defendant and therefore does not meet the statutory prerequisite for a claim of elder abuse.

Further, for the reasons stated in subsection "iv" above at p. 13 (discussing the qualified common-interest privilege), the Court finds that the recordation of the Trustee's Deed was protected as a privileged action pursuant to California Civil Code sections 47(c) and 2924. Cal. Civ. Code §§ 47, 2924; *Consumer Solutions REO v. Hillery*, 658 F.2d 1002, 1017-19 (N.D. Cal. Aug. 26, 2009) (a qualified privilege applies to preclude elder abuse claims arising from non-judicial foreclosure, provided that the lender's conduct was not malicious). Therefore, this cause of action fails.

Even were the Court to review on the merits Plaintiff's conclusory statements about Defendant having acted "maliciously," the FAC does not plead sufficient facts to make a plausible claim of malice. FAC at ¶ 40; *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (holding that a plaintiff must not merely allege conduct that

15

is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face"). The Court therefore dismisses the claim for elder financial abuse.

**(vi)  Sixth Cause of Action: Quiet Title**

Defendant moves to dismiss the sixth cause of action for quiet title on the ground that Plaintiff's request for a declaration that Defendant shall have no interest in the Property erroneously relies on an assertion that the Judgment in the UD Lawsuit invalidated any interest of Defendant in the Property.

The FAC states, "Plaintiff is informed and believes and thereupon alleges that Defendant claims an interest in the Subject Property adverse to Plaintiffs herein. However the claim of said Defendant is without any right whatsoever, and said Defendant has no legal or equitable right, claim, or interest in said Subject Property." FAC at ¶ 52. In support of this cause of action, Plaintiff relies on the Judgment. Specifically, Plaintiff's assertion misconstrues the statement found in the Judgment that Defendant "shall take nothing" from the UD Lawsuit.

The Court disagrees with Plaintiff's assertion that the outcome of the UD Lawsuit was that Defendant's rights to the Property were extinguished, because an unlawful detainer action is an ineffective avenue for such a determination. *Vella v. Hudgins*, 20 Cal. 3d 251, 255 (1977) (finding that an unlawful detainer proceeding is "summary in character; that ordinarily, only claims bearing directly upon the right of immediate possession are cognizable and that cross-complaints and affirmative defenses, legal or equitable, are permissible only insofar as they would, if successful, 'preclude the removal of the tenant from the premises.'"). Further, Plaintiff fails to provide any factual or legal theory to support this argument.

Therefore, the Court finds that the Judgment in the UD Lawsuit has a very limited preclusive effect and does not prevent Defendant from exercising its rights as to the Property. The claim for Quiet Title is dismissed.

**(vii)  Seventh Cause of Action: Fraud, Malice & Oppression**

Defendant moves to dismiss the seventh cause of action for fraud on the ground that Plaintiff does not sufficiently plead the required elements.

16

To establish a claim for fraud, Plaintiff must prove that Defendant (1) made a misrepresentation, concealment, or non-disclosure of a material fact; (2) had knowledge that what was said or conveyed was false; (3) intended to induce Plaintiff's reliance; (4) Plaintiff justifiably relied; and (5) Plaintiff suffered damage as a result. *In re Davis*, 486 B.R. 182, 191–92 (Bankr. N.D. Cal. 2013); Cal. Civ. Code § 1572.

Plaintiff alleges that "Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff by falsely recording a [Trustee's Deed] transferring Plaintiff's real property into Defendant's name and subsequently filing an intentionally impotent and incompetent [Notice of Rescission]." FAC at ¶ 58. The Court concludes that this allegation is fatally flawed because at the time that Defendant filed the Trustee's Deed, which purported to reflect Defendant's acquisition of the Property at a foreclosure sale, the information contained therein was true (and therefore not a "misrepresentation"). As well, Plaintiff has not, and cannot, plead that he relied on the Trustee's Deed in such a way that he was harmed. Rather, it was not until a year later when a jury determined that Defendant did not purchase the Property at a properly conducted foreclosure sale that the parties became aware of any infirmities with the underlying foreclosure process. Therefore, Plaintiff cannot establish either fraudulent inducement or detrimental reliance. Plaintiff completely omitted any factual allegations regarding either of the two reliance prongs, or even alleged any actual damages. Plaintiff couches the fraud claim with colorful language but fails clearly and sufficiently to plead the required elements of this cause of action. Fed. R. Civ. P. 9(b); *Vess,* 317 F.3d at 1107. Therefore, the fraud claim is dismissed.

**(viii)  Eighth Cause of Action: Violation of Business and Professions Code 17200**

Defendant moves to dismiss the eighth cause of action for unfair business practices on the grounds that claims under California's Unfair Competition Law ("UCL") are derivative in nature and because Plaintiff cannot succeed on any of the other claims in the FAC, relief under the UCL is impossible. Further, Defendant moves to dismiss because Plaintiff has not sufficiently plead damages, which is a prerequisite for this type of relief.

17

Business and Professions Code § 17200 et seq. concerns unfair competition and prohibited activities and states that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL's scope is broad. By defining unfair competition to include any "unlawful ... business act or practice," the UCL permits violations of other laws to be treated as unfair competition and independently actionable under the UCL. *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999). However, contrary to Defendant's assertion, it is not necessary that Plaintiff accompany his UCL claim with a valid underlying cause of action. Motion, p. 21:10-17; *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949–50 (2002) ("By defining unfair competition to include also any unfair or fraudulent business act or practice, the UCL sweeps within its scope acts and practices not specifically proscribed by any other law."). Therefore, the Court rejects Defendant's assertion that this claim "falls by the wayside due to the other claims which are all fatally defective." Motion, p. 21:16.

However, the Court agrees with Defendant on its damages argument and finds that Plaintiff's UCL claim is without merit because relief for UCL claims are "generally limited to injunctive relief and restitution." *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th at p. 179; *see* Cal. Bus. & Prof. Code §§ 17203, 17206. As stated above in subsection "i" at p. 11, there is no basis for injunctive relief. Further, restitutionary relief was not adequately plead because Plaintiff has failed to address how he was damaged. FAC at ¶ 64 ("Plaintiff has suffered and continues to suffer damages in a sum which is, as yet unascertained"); *Kraus v. Trinity Management Services, Inc.*, 23 Cal.4th 116, 126–127 (2000) (An order for restitution is one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken."). Plaintiff's UCL claim cannot survive the Motion because he has not indicated how he was financially harmed with adequate specificity. *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 (2011). Therefore, the Court dismisses the UCL claim.

### (ix) Ninth Cause of Action: Accounting

Defendant moves to dismiss the ninth cause of action for accounting on the grounds that Plaintiff must allege that Defendant owed him a fiduciary duty in order to have a right to compel an accounting. Furthermore, Defendant points out that a claim for accounting fails because such claims rely on the premise that a defendant owes plaintiff money and the only remaining issue is the amount owed. In this case, however, Defendant owes no money to Plaintiff; rather, the opposite is true as Defendant (lender) is owed money by Plaintiff (borrower).

A cause of action for an accounting requires a showing that a fiduciary relationship exists between the plaintiff and defendant as well as reference to a sum owed to plaintiff by the defendant. *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Teselle v. McLoughlin,* 173 Cal.App.4th 156, 179 (2009). The FAC fails adequately to allege that a fiduciary relationship exists between Plaintiffs and any Defendant that requires an accounting. Further, Plaintiff's unsubstantiated allegations that "Defendant has received money or other property of substantial value" are insufficient to support a claim for accounting. This cause of action is of particular concern to the Court given Plaintiff's position that an accounting is necessary to determine how much money Defendant owes *him* because it is not only legally misguided, but also of dubious ethical merit in light of the fact that no payments have been made on this Property for more than eight years. Therefore, the Court dismisses the claim for accounting.

### V. CONCLUSION

For the reasons stated above, the Court hereby grants Defendant's Motion and dismisses the FAC without leave to amend.

**\*END OF ORDER\***

19

**COURT SERVICE LIST**